UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM COALE,<br><br>        Plaintiff,<br> v.<br><br> METRO-NORTH RAILROAD COMPANY,<br><br>        Defendant. | 3:08-cv-01307 (CSH) |

MEMORANDUM OF DECISION

HAIGHT, Senior District Judge:

Metro-North Railroad Company ("Metro-North") has filed a motion seeking leave to file a third-party complaint (the "Proposed Complaint") against the New Haven Parking Authority ("NHPA"). The Proposed Complaint alleges only one count, for "Common Law Indemnification." Ex. A, Proposed Compl. [doc. #13-2] at 3. Plaintiff does not oppose this motion.

Rule 14(a) of the Federal Rules of Civil Procedure provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Courts have interpreted this rule to indicate that third-party complaints are appropriate either where the third party's liability is "dependent upon the outcome of the main claim" or the third party is "potentially secondarily liable as a contributor to the defendant." *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984); *see also* 6 Charles A. Wright et al., Federal Practice and Procedure § 1446 (Supp. 2008).

But before permitting Metro-North to file its Proposed Complaint, this Court must examine whether it has jurisdiction over that claim. Every impleader claim, like every other claim in federal court, must be assessed individually to confirm that it rests upon a valid basis for federal subject

matter jurisdiction.  *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 66 n.1 (1996).

Metro-North has ignored the question of jurisdiction in its proposed third-party complaint. Nevertheless, I surmise that jurisdiction over Metro-North's third-party claim cannot be based on a federal question, 28 U.S.C. § 1331, since the only count is captioned "Common Law Indemnification," which arises under state law.  Likewise, jurisdiction over Metro-North's third-party claim cannot be grounded in diversity of citizenship, 28 U.S.C. § 1332, because the proposed third-party complaint does not contain any allegations concerning the amount in controversy, which must exceed $75,000.

Therefore, I conclude that Metro-North, as third-party plaintiff, has implicitly requested that this Court invoke its discretion to exercise supplemental jurisdiction over this claim, under 28 U.S.C. § 1367.  In order to exercise supplemental jurisdiction over this claim, the Court must also have jurisdiction over the underlying claim.

In his underlying action, plaintiff has alleged subject matter jurisdiction under the Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, through 28 U.S.C. § 1331, because this is a personal injury lawsuit initiated by an employee whose duties are in furtherance of interstate commerce, against a common carrier by railroad that is engaged in interstate commerce.  *See* Compl. [doc. #1] ¶ 2; 45 U.S.C. § 51.  Metro-North was initially reluctant to admit the existence of federal subject matter jurisdiction, *see* Answer [doc. #9] ¶ 2, but in their joint report pursuant to Rule 26(f), both parties have agreed on the following undisputed facts:

> 1.  The defendant Metro-North Railroad Company is a common carrier engaged in the business of interstate commerce, and operates a railroad in such business between New York, New York, and New Haven, Connecticut.

      2.  In March, 2008, the plaintiff was employed by the defendant Railroad as a Conductor.

      3.  In March, 2008, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

Report of Parties' Planning Meeting [doc. #8] at 3.

Based on these undisputed facts, I conclude that federal jurisdiction clearly exists for the underlying claim, pursuant to the federal Employers' Liability Act.[1]  45 U.S.C. § 51; *cf. also* Fed. R. Civ. P. app., Forms 7, 13.  Supplemental jurisdiction is also therefore proper, since it appears that the Proposed Complaint would relate to a "common nucleus of operative fact" with the claim raised by the plaintiff.  *See McMillan v. Equifax Credit Information Services, Inc.*, 153 F. Supp. 2d 129, 131 (D. Conn. 2001).

Metro-North's Motion [doc. #13] is **GRANTED**, and the Proposed Complaint against the NHPA is accepted for filing.

It is SO ORDERED.

Dated: New Haven, Connecticut
       January 29, 2009

                                     */s/ Charles S. Haight, Jr.*
                                     Charles S. Haight, Jr.
                                     Senior United States District Judge

---

[1] If defendant wishes to contest this Court's subject matter jurisdiction to hear the underlying claim in this matter, it is blackletter law that such a challenge may be raised at any time.  But if defendant currently has any good faith basis upon which to challenge such jurisdiction, it is encouraged to raise that claim as soon as possible.  It would clearly be more efficient to raise such concerns prior to bringing another party into this matter, since impleader naturally entails another set of distractions, digressions, and legal fees.