UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM COALE,<br><br>        Plaintiff,<br>v.<br><br>METRO-NORTH RAILROAD COMPANY,<br><br>        Defendant, Third-Party Plaintiff<br>v.<br><br>NEW HAVEN PARKING AUTHORITY,<br><br>        Third-Party Defendant | 3:08-cv-01307 (CSH)<br><br>**OPINION AND ORDER** |

HAIGHT, Senior District Judge:

    Third-Party Defendant New Haven Parking Authority ("NHPA") moves for permission to amend its Answer to the Third-Party Complaint filed by Metro-North Railroad Co. ("Metro-North"). NHPA seeks to add a counterclaim against Metro-North, amplify one of its affirmative defenses, and amplify its response to one particular factual allegation in Metro-North's third-party complaint.

**I.    Background**

    Plaintiff William Coale filed this action in August, 2008, claiming to have suffered a personal injury while acting as a railway employee whose duties were in furtherance of interstate commerce, which would make his employer liable for damages under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*. *See* Compl. [doc. #1] ¶ 2.

    Because the accident is alleged to have occurred in an area that Metro-North leases from NHPA, Metro-North sought permission to implead NHPA on January 22, 2009, and the Court granted that permission on January 29, 2009. *See* [Docs. ##13, 14]. NHPA was served with the

Third-Party Complaint [doc. #15] on March 31, 2009, *see* Return [doc. #18], so NHPA was initially required to file its responsive pleading no later than April 20, 2009.

On April 20, 2009, NHPA moved "for an enlargement of time of thirty (30) days, up to and including June 14, 2009." Mot. [doc. #22] at 1. The Clerk granted this extension, despite some deficiencies in the motion which are now apparent to the Court: the requested period of time was actually for fifty-five days, not thirty as described in the motion's text; and NHPA failed to represent whether it had sought consent from Metro-North for that extension, stating only that it had sought and received consent from plaintiff's counsel. *See id.*

NHPA filed its answer one day late, on June 16, 2009.[1] *See* Answer [doc. #25]. Almost two months later, NHPA filed an Amended Answer, seeking to "add an affirmative defense inadvertently omitted." [Doc. #27] (Aug. 11, 2009). The Amended Answer stated that it was filed "[p]ursuant to Fed. R. Civ. P. 15," although NHPA's time under Rule 15 to amend as of right had long since expired, and it did not seek the Court's permission to file its first Amended Answer out of time.[2]

---

[1] June 14, 2009 fell on a Sunday, so the pleading would have been due on June 15, 2009 by operation of Fed. R. Civ. P. 6(a)(3) (pre-December 1, 2009) or Fed. R. Civ. P. 6(a)(1)(C) (post-December 1, 2009).

[2] At that time, the text of Fed. R. Civ. P. 15(a) stated in pertinent part:

> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course:
>> (A) before being served with a responsive pleading; or
>>
>> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
>
> (2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The motion now before the Court was filed on November 3, 2009 — more than six months after NHPA's initial deadline to answer or otherwise respond to the third-party complaint. NHPA seeks to amend its answer with two minor changes[3] and one major change — the addition of a counterclaim against Metro-North.

## II. Discussion

NHPA's motion is made "[p]ursuant to Rules 13(f) and 15 of the Federal Rules of Civil Procedure." Mot. [doc. #28] at 1. Until December 1, 2009, Fed. R. Civ. P. 13(f) provided as follows: "**Omitted Counterclaim.** The court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." But on December 1, 2009, a series of amendments to the Federal Rules of Civil Procedure came into effect.[4] Those amendments are noteworthy because Rule 13(f) — one of the bases for NHPA's motion — has vanished in a puff of smoke. The disappearance is explained by an Advisory Committee note:

> Rule 13(f) is deleted as largely redundant and potentially misleading. An amendment to add a counterclaim will be governed by Rule 15. Rule 15(a)(1) permits some amendments to be made as a matter of course or with the opposing party's written consent. When the court's leave is required, the reasons described in Rule 13(f) for permitting amendment of a pleading to add an omitted counterclaim sound different from the general amendment standard in Rule 15(a)(2), but seem to be administered--as they should be--according to the same

---

[3] The amendment to paragraph 8 adds a specific denial of "any allegation that [NHPA] was negligent," [doc. #28-2] ¶ 6, and the amendment to the Third Affirmative Defense (contributory negligence by Metro-North) now refers to "a wet or oily substance" instead of simply "an oily substance."

[4] The effect on NHPA's motion is unclear, since the motion was made prior to December 1, 2009, but the briefing period was open until after December 1, 2009. NHPA's reply was due on December 8, 2009, although it apparently elected not to file any reply.

> standard directing that leave should be freely given when justice so requires. The independent existence of Rule 13(f) has, however, created some uncertainty as to the availability of relation back of the amendment under Rule 15(c). *See* 6 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 2d, § 1430 (1990). Deletion of Rule 13(f) ensures that relation back is governed by the tests that apply to all other pleading amendments.

Fed. R. Civ. P. 13, advisory committee's note to the 2009 amendments.

In this case, I need not decide which version of the Federal Rules of Civil Procedure applies to NHPA's motion, because the result is the same in either case. The Advisory Committee's note, quoted above, makes the standard clear. If the opposing party has not provided written consent, "leave should be freely given when justice so requires."

Metro-North opposes the proposed amendment on the grounds that it is untimely, both under Rule 15 and under the Court's scheduling order entered pursuant to Rule 16. *See* Def.'s Obj'n [doc. #29] at 1-3. In the scheduling order, the Court set a deadline of May 15, 2009 for amendment of pleadings. *See* Electronic Scheduling Order [doc. #21] (Apr. 16, 2009) ("Amended Pleadings are due on or before 5/15/2009. Discovery will be completed by 3/31/2010. . . . [T]he case will be Trial Ready by 6/30/2010.").

Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Citing Second Circuit authority, Metro-North opposes NHPA's motion to amend on the ground that it has failed to provide "good cause" for modifying the scheduling order.

> Where a scheduling order has been entered, the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order "shall not be modified except

upon a showing of good cause."[5] A finding of good cause depends on the diligence of the moving party.

*Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (citations omitted).

But the Second Circuit's guidance on this matter is not as strong as Metro-North suggests. Reviewing a denial of leave to amend for abuse of discretion, the Court of Appeals noted in *Grochowski* that "[t]he district court issued a scheduling order setting December 24, 1997 as the deadline for reply on all pleadings. The pretrial order was filed on June 1, 1998. The *plaintiffs* moved to amend their complaint in August 1999 . . . ." *Id.* (emphasis added). This delay was exacerbated because the basis for legal claims in the amended complaint became available more than one year before plaintiffs sought to amend their complaint, and when the motion was filed, discovery had been completed and a summary judgment motion was pending. The Second Circuit wrote that "[o]n this record we cannot say that the district court abused its discretion in denying the plaintiffs' motion to amend." *Id.*

Similarly, in the other case cited by Metro-North, then-Judge Sotomayor wrote that "we have held repeatedly that 'mere delay' is not, of itself, sufficient to justify denial of a Rule 15(a) motion." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). Noting that sister circuits have balanced Rules 15 and 16 when parties seek to amend after a court-ordered deadline, the Second Circuit wrote:

---

[5] The previous mandatory language of Rule 16, that the order "shall not be modified except upon . . . good cause," was replaced in 2007 with a new standard that is arguably more permissive — schedules "may be modified only for good cause." Fed. R. Civ. P. 16 (2007); *Id.* (2008). However, the Advisory Committee note to the 2007 amendments states that the change was "part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent . . . . These changes [were] intended to be stylistic only."

> We now join these courts in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause. Moreover, we agree with these courts that a finding of "good cause" depends on the diligence of the moving party.

*Id.* at 340.

Metro-North is correct that NHPA has failed to show "good cause" as to why this amendment should be permitted, in light of the Court's scheduling order filed April 16, 2009.[6] Thus, under *Parker*, I would not abuse my discretion in denying leave to amend. Moreover, NHPA has conducted itself in this litigation with less than admirable regard for deadlines or rules of procedure, and the Court does not condone that behavior.

Nevertheless, there is little to be gained from encouraging the piecemeal litigation that might result if NHPA were forced to raise its counterclaim in Connecticut Superior Court. NHPA's proposed counterclaim is for breach of contract, stemming from Metro-North's failure to maintain the demised premises in good condition (already part of NHPA's third affirmative defense of contributory negligence) and from its failure "to indemnify and hold harmless NHPA from all damages . . . and liability for losses of or damages to property, or injuries to persons occurring in or about the demised premises." NHPA's Proposed Am. Answer [doc. #28-2], counterclaim ¶¶ 10(a), 10(d), at 6-7. The Court clearly has supplemental jurisdiction over this claim.[7]

---

[6] Indeed, NHPA did not even file a memorandum of law to accompany its motion, as the local rule requires.

[7] When Metro-North originally sought leave to file its third-party complaint, I permitted such an amendment only after conducting an inquiry into the basis for my jurisdiction and concluding that it was appropriate for me to exercise supplemental jurisdiction over the state-law claims that Metro-North sought to introduce. See Memorandum of Decision [doc. #14] (Jan. 29, 2009). For the same reasons stated therein, I find that NHPA's state-law claim for breach of

Furthermore, apart from the counterclaim's untimeliness, Metro-North has raised no other reason in law or equity to deny leave to amend.  In particular, it has identified no prejudice that it will suffer by permitting the amendment.  Discovery will not be complete until the end of March, and the proposed counterclaim does not appear to expand the scope of that discovery, because the factual predicate of the alleged breach was already incorporated into NHPA's affirmative defense.

Scheduling orders are not the Code of Hammurabi.  Refusing to consider NHPA's counterclaim, at what still amounts to an early stage in this litigation, would be out of proportion to NHPA's misdemeanor.

NHPA's motion [doc. #28] is hereby GRANTED, and the proposed Amended Answer, Affirmative Defenses, and Counterclaim [doc. #28] are ACCEPTED for filing.  On account of the exigencies of the holiday season, and pursuant to Rule 15(a)(3), the Court directs that Metro-North must answer or otherwise respond to the counterclaim within 30 days of this Order.

It is SO ORDERED.


Dated: New Haven, Connecticut
       December 11, 2009

      */s/ Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge

---

contract relates to a "common nucleus of operative fact" with plaintiff's underlying federal claim, sufficient to vest this Court with supplemental jurisdiction.  *See McMillan v. Equifax Credit Information Services, Inc.*, 153 F. Supp. 2d 129, 131 (D. Conn. 2001).